Milo Cradale : Williams-Ali
C/o # 1223229 - Bill Clements Unit
9601 SPUR 591
Amarillo, Texas [79107]

64,178-03

Nov. 9, 2015

TO: CLERK OF THE COURT OF
CRIMINAL APPEALS
Po Box 12308, Capitol station
Austin, Texas [78711]

RE: Writ of Mandamus

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

Dear Honorable Clerk;

Please find enclosed an application for writ of Mandamus (1) original, to be filed with the proper court as soon as business hours will allow.

Thank you for your Anticipated cooperation and do have a pleasant day. - -

I AM

# TEXAS COURT OF CRIMINAL APPEALS

NO. _____

Tex. Rules Civil Proc. Rule 120a

In re MILO CRADALE WILLIAMS-cestui
Que vie Trust

Texas Rule of Civil Procedure Rule 52

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

Milo Cradale OF the family Williams-Ali
Sole Beneficiary, Third Party Interest Intervenor
under injury, In ProPria Persona, Sui Juris,
by special Visitation

On Petition For Writ of Mandamus
uPon The 320TH DISTRICT COURT, POTTER COUNTY,
TEXAS, The Honorable Don Emerson, Presiding,
Trial Case NO, 55,244-D

Milo Cradale of the family Williams-Ali.
sole Beneficiary, 3rd Party Interest
Intervenor under Injury,
In ProPria Persona,
Attorney-in-fact
C/o temporary mailing Location:
C/o #1223229-Bill Clements unit
9601 SPUR 591
Amarillo-TX, 79167
The MILO CRADALE WILLIAMS-cestui
Que vie Trust

## List of Parties

In re MILO CRADALE WILLIAMS - Cestui Que Vie TRUST -
Relator, TDCJ Warehouse #1223229 - Bill Clements Unit,
9601 SPUR 591, Amarillo, TX. 79107.
Milo Cradale of the family Williams-Ali-Third Party Interest
Intervenor under injury, Sole Beneficiary of the Cestui Que Vie
Trust, In Propria Person, by Special Visitation.
Mr. Don Emerson - Respondent - trial Court Judge in the 320th
District Court, District Court Bldg. Ste. 4B, 501 S. Fillmore,
Amarillo, Texas [79101]

## TABLE OF CONTENTS

List of Authorities
Statement of Case
Subject Matter of Issue(s)
Description of Memo and OPINION
Statement of Jurisdiction
ISSUE(S) PRESENTED
Argument
Conclusion
Certification

# AUTHORITIES

## TEXAS LAWS

TEXAS RULES OF APPELLATE PROCEDURE RULE 52 — 1,3,5,9

TEXAS RULES OF CIVIL PROCEDURE RULE 52 — COVER PAGE

TEXAS RULES OF CIVIL PROCEDURE RULE 120a — 1,2,4,6,7,10

TEXAS RULES OF CIVIL PROCEDURE RULE 296 — 2,4,8,10

TEXAS RULES OF CIVIL PROCEDURE RULE 297 — 8

TEXAS RULES OF CRIMINAL PROCEDURE ARTICLE 11.07 — 3

## U.S. C/A LAW

TITLE 28 § 1333 (1) U.S.C.A

## Case Law

Aktiengesells Craft v. Olsen, 21 SW.3d 707.
(Tex App. Austin 2000) — 8

Estrada v. State, 148 SW.3d 506 — 11

In re ESTATE of Judd, 8 SW.3d 436 (Tex App El Paso 1999) — 8

Johnson v. Zerbst, 304 U.S. 458, 467-68 (1938) — 10

KSNG Architects, Inc. v. Beasley, 109 SW.3d 894 — 9

McGregor v. Clawson, 506 SW.2d 922-930 — 6,11

Mingus v. Woodly (1926) 115 Tex. 537, 285 SW.1084 — 6,3

NUECES COUNTY v. Dale Hoff, 105 SW.3d 208 — 6,9

Padilla v. McDaniel, 122 SW.3d 805, 807-08
(Tx. Crim. App. 2003) — 3

Texas Dept. of Public Safety v. Styron, 226 SW.3d 576
(Tex.App. Houston [1st Dist] 2007)

## Statement of case

On March 21, 2014 Relator through third Party Intervenor filed a Request For Special Appearance with Affidavit Attached In The 320th DISTRICT COURT POTTER COUNTY, TEXAS, which resulted in non-response. June 2, 2014 Relator through Third Party Intervenor filed a Petition for Writ of Mandamus with The Seventh District Court of Appeals at Amarillo, Texas. The Seventh District Court of Appeals dismissed the original Proceedings for want of Jurisdiction. Relator through Third Party Intervenor filed a Petition for Writ of Mandamus with the Texas Supreme Court. The Texas Supreme Court denied the Petition For Writ of Mandamus without Written order. Presently, this Petition for Writ of Mandamus is being filed with the Court of Criminal Appeals.

## Subject Matter of Issue(s)

ISSUE ONE - This is a Petition for Writ of Mandamus to Compel Don Emerson in the 320th District Court in and for POTTER COUNTY, TEXAS to Proceed with the Request for Special Appearance with Affidavit attached Pleading, Challenging Subject Matter and/or Personal Jurisdiction Pursuant to Texas Rules of Civil Procedure Rule 120a, Texas Rules of Appellate Procedure Rule 52, Title 28 § 1333 (1). U.S.C.A.. Relator has exhausted his remedies and has no other adequate remedy at Law. The act sought to be compelled is ministeral not discretionary in nature.

1

ISSUE TWO - Relator has Sought remedy at law with the Seventh District Court of Appeals. Through Petition for Writ of Mandamus No. 07-14-00224-CV. The Court of Appeals has dismissed for want of Jurisdiction, Construing Relator's Petition as an 11.07 Application.

ISSUE THREE - Relator through Third Party Intervenor has filed a Specific Pleading under Texas Rules of Civil Procedure Rule 120 a. Entitled, "Request for Special Appearance, for Relief Requested the seventh District Court of Appeals to compel Judge Don Emerson to Proceed in the Pleadings Pursuant to Tex. Rule of civil Proc. Rule 296 - "A Request for Findings of Facts and Conclusion of Law." The act sought to be compelled is ministeral not discretionary in nature.

### Description of the Memorandum Opinion
### From the Court of Appeals

The Petition for Writ of Mandamus was filed June 25, 2014. The Author of the Memorandum Opinion was: Mackey K. HANCOCK, Justice. The other Justices that Participated in the Opinion were QUINN, C.J. and PIRTLE, J.J.. The Opinion held, "Relator MILO CRADALE WILLIAMS, has filed in this Court an Original Proceeding he has identified as a Petition for Writ of Mandamus. After having studied the relief he seeks by way of his Petition, we Construe his Petition as an application seeking Post conviction habeas Corpus relief from a felony conviction in trial court Cause number 55,244-D.

2

See TEX. CODE CRIM. PROC. ANN. ART. 11.07 (West Supp. 2013). We will dismiss his Petition for want of Jurisdiction".

## Statement of Jurisdiction

In an ordinary case, a Petition for Writ of Mandamus "should first be Presented to a Court of Appeals unless there is a Compelling reason not to do so." Padilla v.s. McDaniel, 122 s.w. 3d 805, 807-08 (Tx. Crim. App. 2003) (Per Curiam) (citing Tex. R. App. P. Rule 52.3 (e)). Relator has filed The Original Petition for Writ of Mandamus with the Seventh District Court of Appeals, NO. 07-14-00224-cv. Traditionally, The Writ of Habeas Corpus was to file against Jurisditional defects and constitutional Violations. Accordingly, The Texas Supreme Court, "has laid the rule that where the Cause of action and remedy for its enforcement are derived, not from the Common Law but from the statute, the Statutory Provisions are mandatory and exclusive and must be complied with in all respect, or action is not maintainable." Mingus v.s. Wadely (1926) 115 Tex. 551, 285 s.w. 1084. Relator has filed with the 320th DISTRICT COURT a "Request for Special Appearance with Affidavit attached". The Provisions Relator used were Statutory Provisions which are mandatory and exclusive Pursuant to Tex. R. Civil. P. and Tex. R. App. P. . The act sought to be compelled is ministeral not discretionary in nature. Relator has Challenged the trial courts Jurisdiction both Subject Matter and Personal.

3

Relator has exhausted ALL remedies at Law.

## ISSUES PRESENTED

ISSUE ONE: Relator through third party Intervenor has sought Remedy Pursuant to a statutory Provision - TEX. Rule Civil Proc. Rule 120a, entitled "Special Appearance": 1. Notwithstanding the Provisions of rule 121, 122, 123, a special Appearance may be made by any Party either in Person or by Attorney for the Purpose of objecting to the Jurisdiction of the court over the Person or Property of the defendant on the ground that such Party or Property is not amenable to Process issued by the Courts of this State......

4. If the Court sustains the objections to Jurisdiction an appropriate order shall be entered. If the objections to Jurisdiction is overruled, the objecting Party may there after appear generally for any Purpose.

Rule 296- A request for Finding of Facts and conclusion of Law in any case tried in the district or county court without a Jury, may be requested by any Party to the court to state in writing its finding of facts and conclusions of Law. Such request shall be entitled 'Request for findings of fact and conclusion of Law'. and shall be filed within 20 days after Judgment. This Petition for Writ of Mandamus is to compel the ministeral Duty of Don Emerson Judge of the 320th District Court to comply with the Statutory Provision in Rule 120a of the Tex. R. civil Proc. . The Request For Special Appearance with Affidavit Attached was filed with the trial court on March 21, 2014.

4

After correspondence with the POTTER COUNTY DISTRICT CLERK'S office, and several correspondance to Don Emerson and THE 320TH DISTRICT COURT, Relator has not received any response to the matters. Relator seeks the only relief Available to Relator with this Court.

Relator has Previously sent an Art. 11.07 to this Court failing to raise issues of Jurisdiction. It is the common Practise of the district Attorney's office to Quote case law that state's, "If an applicant does not raise Jurisdiction on the first habeas Corpus Art. 11.07, then he is barred from raising it at a later date." This Puts the Relator at a disadvantage when he does not discover the Jurisdictional defects until after he has filed his first 11.07. In which amounts to a Substantive due Process Violation. Relator requests Mandamus relief from this Court.

ISSUE TWO: <u>TEXAS RULES OF APPELLATE PROCEDURE RULE 52</u> - AS ORiginal Proceedings Seeking extraordinary Relief - Such as a Writ of Habeas Corpus, Mandamus, Prohibition, injunction or Que Warranto. — is commenced by filing a Petition with the Clerk of the Appropriate Court of Appeals. Relator Sought remedy at Law with the seventh District Court Of Appeals No. 07-14-00224-CV. Relator Requested through the Writ of Mandamus for the Court of Appeals to order the trial Court to render a decision on the Request for Special Appearance Challenging the trial Court's Jurisdiction. Relator was not requesting a determination on the merits of the case by Post-Conviction relief. The Seventh District Court of Appeals wrongly

5

Construed Relator's request for relief through the Petition for Writ of Mandamus. Presently, Relator Requests Mandamus relief from this Court.

ISSUE THREE: "A Plea to the Jurisdiction is a dilatory Plea; its Purpose is to defeat a cause of action without regard to whether the claims asserted have merit. The Plea challenges the trial Court's authority to determine the Subject Matter of a Cause of action". SEE: <u>NUECES COUNTY V. DALE HOFF</u>, 105 Sw.3d 208. Accordingly, "Our Supreme court has laid the rule that where the Cause of Action and remedy for its enforcement are derived not from Common Law but from Statute, the Statutory Provisions are mandatory and exclusive, and must be complied with in all respect, or action is not maintainable." See <u>Mingus V. Woodly</u> (1926) 115 Tex. 551, 285 Sw.2d 1084; <u>Mc Gregor V. Clawson</u>, 506 Sw.2d 922-930 (Waco).

Relator has challenged both Subject Matter and Personal Jurisdiction in The Request for Special Appearance. The Request for Special Appearance is Pursuant to Statutory Provisions of the <u>TEXAS RULES OF CIVIL PROCEDURE</u> (Vernon's Ann.) Rule 120a. The rules under this Provision. "must be complied with in all. respects....". The cause of action and remedy for it's enforcement.... are mandatory and exclusive....." Id. Relator is entitled to Mandamus relief.

<u>LEGAL ARGUMENT</u>

ISSUE ONE:

Your Relator has filed this Petition for Writ of Mandamus

6

to compel Mr. Don Emerson in and for the 320TH DISTRICT COURT IN POTTER COUNTY, TEXAS to answer the Pleading Entitled, "REQUEST for SPECIAL APPEARANCE with Affidavit of Asseveration and Declaration of status" Attached, According to Law and the SUPREME COURT OF TEXAS.

The Pleading filed on March 21, 2014, with the 320TH DISTRICT COURT, IN AND FOR POTTER COUNTY, TEXAS, "Request for special APPearance...." was a challenge to the trial court's Jurisdiction over the subject matter and/or Personal Jurisdiction. The Relator is not challenging the merits in Case No. 55,244-D with This Pleading. The, "Plea to the Jurisdiction is a dilatory Plea; its Purpose is to defeat a cause of action without regard to whether the claims asserted have merit." NUECES County V. DALE HOFF. In the Present case the cause of action was considered a criminal Proceeding and claims asserted were Murder under Texas Penal Code Art. 19.02.

Accordingly, when challenging Jurisdiction especially Personal Jurisdiction, Relator must file a Special Appearance, along with an affidavit or Declaration (Contesting the fact that Relator is not amenable to the Process of Texas court's) Pursuant to Rule 120a Texas Rules of Civil Procedure (T. R. Civ. Proc.). According to Law, "Should the Court that the Special Appearance was filed in, deny the Request For Special Appearance, the Relator must request for Findings of facts and conclusions of law". Mr. Don Emerson has neither denied or sustained the request for Special

7

Appearance. The Law further states, "Should the court not comply the Relator must pursue the entitlement under T.R. Civ. Proc. Rule 296,297. Which is titled "NOTICE OF PAST DUE FACTS FINDING" Id. Rule 297. Because Mr. Don Emerson has not complied with Rule 120a, Relator cannot exercise entitlement unde Rule 297 and/or Rule 296, along with Rule 120a.

RULE 296, "In any case tried in the District er County Court without a Jury, any party may request the Court to state in writing its findings of facts and conclusion of Law. such request shall be filed within 20 days after Judgment is signed with the Clerk of the Court, who shall immediately call such request to the attention of the Judge who tried the case". Also see: Aktiengesells craft V. Olsen. 21 sw.3d 707 (Tex. APP. Austin 2000); In re Estate of Judd, 8sw.3d 436 (Tex. APP. El Paso 1999). Relator has relied on Texas Laws and Texas Case Laws when he filed the special Appearance. Relator was under the presumption that the trial Court has a ministeral duty pursuant to the statutory provisions that this cause of action derived from to comply with the set Provisions.

Due to Mr. Don Emerson's NON-RESPONSE, Relator is unable to Develop the record as to the Challenge of Subject Matter and/or Personal Jurisdiction. The Relator is not amenable to the Texas Process and without the Proper response from Mr. Don Emerson, Relator is placed

8

at a disadvantage, when he enters an appeal without a developed record." Appellate Court reviews a trial court's ruling on a Plea to the Jurisdiction under de novo standard of review because Subject Matter Jurisdiction is a question of Law". See NUECES COUNTY V. DALE HOFF, 105 Sw.3d 208. "If lack of a record deprives appellant of his right to an adequate review of the evidence, Case must be remanded for a new trial. An Appellant who is unable to obtain a Proper record of evidence is entitled to a new trial where his right to have Cause reviewed on appeal cannot be Preserved in any way". SEE 656 Sw.2d 221, Ref. n.re Keller Industries, Inc. V. Reeves, (Tex. App.—Austin 1983)

ISSUE TWO: Relator has sought Remedy at Law with the COURT OF APPEALS IN THE SEVENTH DISTRICT OF TEXAS. When Mr. Don Emerson Continued to be NON-RESPONSIVE to the Pleading titled," REQUEST FOR SPECIAL APPEARANCE with AFFIDAVIT attached". Pursuant to Statutory Provisions Rule 120a T.R. Civ. Proc.. Relator Pursued his only adequate Remedy at Law with the COURT OF APPEALS under Texas Rules of Appellate Procedures Rule 52. when a Pleading is Placed before a Judge, Even if the Pleading is defective, "Texas Law does not favor Striking defective Pleadings without giving opportunity to replead." See: KSNG Architects, Inc. V. Beasley, 109 Sw3d 894.

The Court of Appeals Statement in it's opinion is misleading in the record, and thus, Relator is Compelled to set forth

9

the facts in a Comprehensive manner. The relief sought in Relator's Application for Writ of Mandamus was to order the trial court to answer the Pleading in accord with Statutory Provisons Rule 120a. Trial Court has to comply with the statutory Provisions that are mandatory and exclusive. There are two Options that trial court may Pursue under these Provisions 1) "If the trial Court Sustains the objections to Jurisdiction an appropriate Order shall be entered. "Id Rule 120a (4)". ... 2) If the Objections to Jurisdiction is overruled, the objecting Party may thereafter appear generally for any Purpose." Id. Rule 120 a (4). Mr. Don Emerson did not sustain or overrule the objections to Jurisdiction. He simply refused to answer and there is no Provisions that Provide. For a NON-RESPONSE under this Rule.

Pursuant to Rule 296 - Relator is entitled to Request a findings of Facts and Conclusion of Law within 20 days after Judgment. Id T. R. Civ. Proc.. Mr. Don Emerson did not Provide a Clear Judgment in the Above cause of action. There can be no request for a Finding of Facts and Conclusion of Law without a Judgment. These are Statutory Provisions that are mandatory and exclusive.

ISSUE THREE: "A Judgment Pronounced by a Court without Jurisdiction is void, and one imprisoned there under may obtain release..." Johnson v. Zerbst, 304 U.S. 458, 467, 468 (1938).

10

Relator has Challenged trial Court's authority to pronounce Judgment in Case number 551244-D. "A challenge to the Jurisdiction of the Court is not waived by failure to raise the issue in trial court or on direct Appeal" Kaufman v. U.S., 394 U.S. 217, 222.

Relator has asserted that he is not amenable to Texas Process due to Citizenship Status. Relator followed the statutory Provisions and invoked a Cause of action and remedy under Rule 120a. These Provisions are Mandatory and exclusive" Id. McGregor V. Clauson. Futhermore, "Jurisdiction can be raised at any time". See: Texas Dept. of Public Safety V. Styron, 226 Sw. 3d 576 (Tex. App. Houston [Ist Dist] 2007), "Once Jurisdiction is Challenged the Court must Prove the Jurisdiction." SEE: Estrada V. State, 148 Sw.3d 506

<u>CONCLUSION</u>

WHEREFORE: Good Cause being shown and in the Interest of Justice the Writ of Mandamus should ISSUE as a Matter of Law. In all things.

Done NOV. 8 2015

Respectfully Submitted,

By: _____

Milo Cradale of the family williams-Ali Sole Beneficiary, 3rd Party Interest Intervenor under Injury, In ProPria Persona, Attorney-in-fact, C/O #1223229 ~Bill Clements unit 9601 SPUR 591 Amarillo, TX [79107] FOR: THE MILO CRADALE WILLIAMS - CESTUI QUE VIE TRUST

## CERTIFICATION

I, Milo Cradale of the Family Williams-Ali, 3rd Party Interest Intervenor - Living Sentient Man on the Land by my unlimited liability hereby certify that the FACTS in the aforementioned Application for writ of Mandamus are true and correct to the best of my Knowledge. (28 USCA 1746) Accordingly, I have sent a true and correct copy to Mr. Don Emerson at: District Court Bldg, ste 48, 501 S, Fillmore, Amarillo iTx [79101] via Bill Clements Mail Room.

/S/